THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM TACON, ADMINISTRATOR OF NATIONAL BANK OF ANGUILLA (PRIVATE BANKING & TRUST) LTD**,<br>Sea Meadow House, Ground Floor<br>Tobacco Wharf<br>PO Box 993<br>Tortola<br>British Virgin Islands, VG 1110<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CLAUDE WALKER and**<br>**AMBER WALKER**,<br>7120 8th Street NW<br>Washington, D.C.  20012-1840<br><br>　　　　　Defendant | Civil Action No. _____ |

## COMPLAINT

Plaintiff WILLIAM TACON, ADMINISTRATOR OF NATIONAL BANK OF ANGUILLA (PRIVATE BANKING & TRUST) LTD (the "Bank", or Plaintiff") brings this Complaint against Defendants CLAUDE WALKER and AMBER WALKER (collectively, "Defendants") and respectfully states as follows:

### PRELIMINARY STATEMENT

This claim is very straightforward. Defendants needed money to refinance an existing loan and pay off arrears related to the purchase of a home on the Caribbean island of Anguilla and borrowed money from the Bank to do likewise. Defendants failed to make the required payments and were in default under the applicable agreements. Defendants have ignored repeated demands from Plaintiff and U.S. counsel so suit became necessary.

1

## **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is an offshore bank located in the Eastern Caribbean island of Anguilla.

2. Defendants are married individuals believed to be residing at 7120 8th Street NW, Washington, DC 20012-1840.

3. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is an action between citizens of a State and citizens of a foreign state where the matter in controversy exceeds jurisdictional limits.

4. Venue is proper in this district because the defendants reside in this district.

## **BACKGROUND**

5. On or about July 27, 2012, the Bank and the Defendants entered into that certain Real Estate Loan Agreement (the "Loan Agreement"), and that certain Promissory Note (together with the Loan Agreement, the "Agreements") copies of which are attached hereto as Exhibits 1 and 2. The Loan Agreement and the Promissory Note were governed by the laws of Anguilla.

6. Pursuant to the Agreements the Defendants agreed to pay principal in the amount of $322,000 plus interest and costs at the Bank's Lending Prime Rate minus 4.00%. *See* Loan Agreement, at Repayment; *see also* Promissory Note. Specifically, payments were due in installments as follows: Two Thousand Three Hundred Sixty-Two & 72/100 United States Dollars (US$2,362.72) on July 30, 2012 and 59 successive monthly installments of Thousand Three Hundred Sixty-Two & 72/100 United States Dollars (US$2,362.72) commencing August 30, 2012 and culminating with a balloon payment of the remaining principal and interest on June 30, 2017. *Id.*

7. Defendants also agreed to pay costs and expenses which specifically included: "all costs including legal fees, professional fees, stamp duties, taxes, or other out-of-pocket expenses

2

incurred by the lender in connection with this lending will be for the borrower's account; these costs shall be due and payable to the lender regardless of whether the borrower draws down on the proceeds of the Loan Agreement." *See* Loan Agreement at Costs.

8. Failure to make payments, constituted an event of default under the Loan Agreement. *See* Loan Agreement at Events of Default(a). Failure of the Defendants' to repay any indebtedness when due, was likewise an Event of Default under the Agreement. *Id. at* Events of Default(e).

9. The Default provisions of the Agreement specifically detail the available remedies upon default. The Loan Agreement specifically provides as follows:

> If default be made in the payment when due of any part or installment of principle or interest, then the whole sum of principal and interest shall become immediately due and payable at the option of the Lender without notice. Notwithstanding any other provision of this agreement, if default be made in the payment when due of any part or installment of principal and interest, the [Defendant] agreed to pay a delinquency charge for each installment in default 10 days in an amount equal to 5 % of each installment and any amount payable at the same time.
>
> In the event the Lender elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of P - 2.00% from the date of such election to the date of payment.
>
> In the event of commencement of suit to enforce payment of this loan or any part of it, the undersigned agrees to pay the Lender's legal costs and also any other costs of collection by way of commission or otherwise paid by the Lender for making the collection or also any other legal or other costs resulting from the enforcement by the Lender of any Charge or other security held by it in relation to this loan.

*Id.* at Default.

10. Similar language is contained in the Promissory Note.

11. The Defendants have failed to make any payments since October 2016. As of

July 31, 2019, the total amount owing to Plaintiff for principal, interests and costs under the Loan Agreement is no less than $438,454.75.

## COUNT 1
## BREACH OF THE AGREEMENTS

12. Plaintiff incorporates by reference as if fully stated herein each of the facts, statements and allegations contained at paragraphs 1 through 11 above.

13. Pursuant to the Loan Agreement, the Bank disbursed not less than $322,000.

14. In exchange and in consideration for the Bank disbursing the loan, Defendants agreed to repay the amounts due under the Loan Agreement.

15. The Bank fully performed its contractual obligations under the Loan Agreement.

16. Defendants have defaulted on the terms of the Loan Agreement by failing to remit all payments due under the Loan Agreement.

17. The payment failure constitutes a material breach of Defendants' obligations under the Loan Agreement and puts Defendants in default.

18. Plaintiff made formal demand for payment of the amounts owed under the Loan Agreement, but Defendants have failed and refused to pay the amount due and owing to Plaintiff.

19. Plaintiff is entitled to recover all damages proximately caused by Defendants' breach of the Loan Agreement, plus prejudgment interest at the maximum legal rate.

20. As of July 31, 2019, the total amount owing to Plaintiff for principal, interests and costs under the Loan Agreement is no less than $438,454.75.

21. Plaintiff hired counsel to recover all damages owing due to Defendant's breach of the Loan Agreement. Defendants are liable for all attorney's fees paid by Plaintiff to enforce the Loan Agreement. Plaintiff hereby seeks its reasonable and necessary attorneys' fees to prosecute the breach of the Loan Agreement.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff hereby respectfully requests judgment in its favor and against Defendants, jointly or severally, and containing the following relief:

(i) an award of compensatory damages in the amount of $438,454.75 or such other amount as if fair and reasonable;

(ii) an award of costs of this Court, including discretionary fees to the fullest extent permitted at law and in equity;

(iii) an award of pre- and post-judgment interest at the maximum rate allowed by applicable law;

(iv) reasonable and necessary attorney's fees; and

(v) such other and further relief at law or in equity, as the Court may deem just and proper.

Dated  August 16, 2019

Respectfully submitted,

*/s/ James J. Murphy*
James J. Murphy, D.C. Bar No. 450432
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
james.murphy@ogletreedeakins.com

and

Elliot D. Schuler
Texas State Bar No. 24033046
SCHULER ZARIN PLLC
8330 LBJ Freeway, Suite 800
Dallas, Texas 75243
Phone: (972) 865-6031
Eschuler@schulerzarin.com
(*Pro hac vice* to be sought)

**ATTORNEYS FOR PLAINTIFF**